## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELMOETAZBELLAH ELSHENAWY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No:** |
| **v.** | : | |
| | : | |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT AND JURY DEMAND

### I.    INTRODUCTION

Plaintiff, Elmoetazbellah Elshenawy, claims of Defendant, Southeastern Pennsylvania Transportation Authority (SEPTA), a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1.     This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2.     This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination by Defendant with respect to Plaintiff's national origin (Egyptian), and retaliation for opposing said discriminatory conduct.  Plaintiff also asserts discrimination and retaliation claims under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq. ("PHRA").

- 1 -

## II.    JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.      The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.      The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6.      All conditions precedent to the institution of this suit have been fulfilled.  On October  23, 2023, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.  The action has been filed by the Plaintiff within ninety (90) days of receipt of said notice.  More than one year has expires since Plaintiff filed his Charge of Discrimination with the Pennsylvania Human Relations Commission.  Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.    PARTIES

7.      Plaintiff, Elmoetazbellah ("Taz") Elshenawy, is an adult individual who resides therein at 203 Liberty Circle, East Sallowfield, Pennsylvania.

8.      Defendant, Southeastern Pennsylvania Transportation Authority, was and is now a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at, 1234 Market Street, Fourth Floor, Philadelphia, Pennsylvania.

9.      At all times relevant hereto, Defendant were acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

10.     At all times material herein, Defendant have been a "person" and "employer" as defined under Title VII and the PHRA, and is subject to the provisions of each said act.

## IV.      STATEMENT OF CLAIMS

11.     Plaintiff has been employed by Defendant as a HVAC Specialist since August 8, 2011.

12.     Plaintiff has performed his job function in a dutiful and competent manner during his tenure with Defendant.

13.     On or about July 19, 2020, Plaintiff initiated a formal EEO Complaint with Defendant's EEO/Employee Relations Manager, Ekaette Oduok (Oduok), alleging that he had been subjected to discriminatory employment practices by Defendant's Management, and in particular, Assistant Director, Nick Baldassare (Baldassare) and Director, Chuck Schoen (Schoen).

14.     The harassment alleged by Plaintiff included to spoken to in a disrespectful manner, being required to perform tasks which were not within his expertise and which placed him in a dangerous working condition, making racial statements in the work place including the use of the "N" word, referring to Plaintiff as "the Technician" instead of referring to him by name, being issued points for taking time off due to a legitimate illness, and otherwise treating Plaintiff in a hostile manner.

15.     Plaintiff also indicated in his complaint that on one such occasion, a co-worker screamed at Chyle Nimmons, a Black Foreman, that Baldasarre wanted to see his "niggers" cleaning, referring to his workers.  Baldasarre and other Caucasian managers also referred to SEPTA's Frazier location, where Plaintiff worked, as the "country club" because of the large number of older Caucasians who worked there.

16.     Plaintiff also overheard Baldassare speaking about him and making statements to the effect that he was going to "get" him because of the complaints he had made regarding the aforesaid acts.

17.     Prior to his formal complaint, Plaintiff had also made several informal complaints to Defendant's management regarding Baldassare's behavior.

18.     Notwithstanding those complaints, Defendant did not conduct any meaningful investigation regarding the occurrences complained of by Plaintiff.

19.     After Plaintiff's formal complaint, Baldassare and Schoen were reassigned to other positions within the SEPTA's department.

20.     After providing his statement, Plaintiff was never again contacted by Oduok for any follow-up, and to his understanding did not conduct any meaningful investigation concerning his complaint.

21.     On August 21, 2022, Schoen was transferred back to Plaintiff's Department and again assumed a Supervisory position over Plaintiff.

22.     Thereafter, Schoen subjected Plaintiff to discriminatory and retaliatory actions for him having previously registered complaints of discrimination, as aforesaid.

- 4 -

23.    The aforesaid harassment and retaliation included, but was not limited to, promoting a hostile working environment by speaking to him in a hateful and disrespectful manner, ostracizing Plaintiff from his co-workers, saying Plaintiff's nick name (Taz) in a discriminatory manner by referring to him as "Tazbollah", a reference to the terrorist group Hezbollah, and otherwise treating him in a hostile manner.

24.    In addition, Schoen issued assignments to Plaintiff which placed him in dangerous working conditions.  In connection thereto, Plaintiff has been assigned jobs which were typically assigned to three men, posing an inherent danger due to the nature of the heavy equipment involved.

25.    Moreover, several of the repairs he was assigned were unnecessary and were done for the sole purpose of harassing, intimidating, and placing Plaintiff in a dangerous working environment.  On one occasion, in May, 2021 Plaintiff had a near-miss incident which could have cause life threatening injuries.

26.    Plaintiff has continued to complain about the aforesaid discriminatory and retaliatory practices, yet Defendant continues to fail to properly investigate or remediate these occurrences.

27.    As such, Plaintiff has been subjected to a racially hostile working environment and to retaliation having registered complaints regarding the same. As a result of the aforesaid discriminatory and retaliatory employment practices, Plaintiff filed Charges of Discrimination with the EEOC and PHRC on October 20, 2020.

28.    On November 10, 2022, Defendant abruptly abolished Plaintiff's shift assignment from that of an HVAC Specialist to Second Class, a lesser job.  This decision forced Plaintiff out of his third shift position.

- 5 -

29.    Defendant offered Plaintiff the option of working the second shift at the same location he was working or to be moved to third shift In Roberts Yard in Philadelphia.  Defendant is aware that both options would negatively affect Plaintiff's family and personal life.  A relocation to Roberts Yard would require that Plaintiff drive over two (2) hours to and from work, while moving him to second shift would take Plaintiff away from his family.

30.    Defendant's Managers were well aware that Plaintiff is required to take his special needs child to classes in the morning and must work third shift to be able to do so.

31.    No other employees were affected by this change, and the position that he held existed for over thirty (30) years prior to its alleged abolishment.

32.    Defendant's actions in abolishing his position were retaliatory for him having filing of his Charge of Discrimination with the EEOC on October 22, 2020. Plaintiff was subjected to further acts of retaliation by being issued points for talking off for legitimate vacation time, when others were nut subjected to the same scrutiny.

## COUNT I
### (TITLE VII)
### National Origin Discrimination/Hostile Work Environment/Retaliation

33.    Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint fully set forth at length herein.

34.     The actions of the Defendant through its agents, servants and employees, in subjecting the Plaintiff to a hostile work environment and to discrimination on the basis of his National Origin (Egyptian), and in abolishing Plaintiff's position in retaliation for opposing said discrimination, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

35.     The Defendant's acts of discrimination as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

36.     As a direct result of Defendant's willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (PHRA)
## National Origin Discrimination/Hostile Work Environment/Retaliation

37.     Plaintiff incorporates by reference paragraphs 33 through 36 of this Complaint as if fully set forth at length herein.

38.     The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to a hostile work environment and to discrimination on the basis of his National Origin (Egyptian), and in abolishing Plaintiff's position retaliation for opposing said discrimination, constituted a violation of the PHRA.

39.     The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

- 7 -

40.    As a direct result of the Defendant's willful and unlawful actions in violation of the PRA the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

41.    Plaintiff repeats the allegations of paragraph 37 through 40 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against  Defendant and Order that:

(a)    Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b)    Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c)    Defendant pay to Plaintiff punitive damages (under Title VII) pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**THE LOVITZ LAW FIRM, P.C.**

By:_____

KEVIN L. LOVITZ, ESQUIRE
kevin@lovitzlaw.com
ID # 70184
1700 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
*Attorney for Plaintiff, Elmoetazbellah Elshenawy*